UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

STATEMENT MADE PURSUANT TO 28 U.S.C. SECTION 1746

1. My name is Deborah Laufer. I am currently a resident of Pasco County, Florida. I am unable to engage in the major life activity of walking more than a few steps without assistive devices. Instead, I am bound to ambulate in a wheelchair or with a cane or other support and have limited use of my hands. I am unable to tightly grasp, pinch and twist of the wrist to operate. I am also vision impaired. When ambulating beyond the comfort of my own home, I must primarily rely on a wheelchair. I require accessible handicap parking spaces located closest to the entrances of a facility. The handicap and access aisles must be of sufficient width so that I can embark and disembark into a vehicle. Routes connecting the handicap spaces and all features, goods and services of a facility must be level, properly sloped, sufficiently wide and without cracks, holes or other hazards that can pose a danger of tipping, catching wheels or falling. These areas must be free of obstructions or unsecured carpeting that make passage either more difficult or impossible. Amenities must be sufficiently lowered so that I can reach them. I have difficulty operating door knobs, sink faucets, or other operating mechanisms that tight grasping, twisting of the wrist or pinching. I am hesitant to use sinks that have unwrapped pipes, as such pose a danger of scraping or burning my legs. Sinks must be at the proper height so that I can put my legs underneath to wash

1

      my hands. I require grab bars both behind and beside a commode so that I can safely transfer and I have difficulty reaching the flush control if it is on the wrong side. I have difficulty getting through doorways if they lack the proper clearance. To use a pool, I require a lift or other accessible means. When sleeping in a guest room, I need a compliant tub or shower with required grab bars and a shower seat.

2. When looking at a hotel online reservation system, I need information so that I can ascertain whether or not the hotel and its guest rooms are accessible to me. This includes information whether the conditions referenced above are compliant.

3. In the past, I have observed that the vast majority of hotel online reservations systems do not allow for booking of accessible rooms or provide the information I need to make an informed choice. I have also booked a room at hotels whose websites claim they are "accessible", only to find that this claim is untrue. Therefore, I cannot make plans to travel if I intend to stay in an accessible room at an accessible hotel. The failure of so many hotels to comply with the law in this regard deter me from making travel plans. Therefore, I am an advocate on behalf of both myself and other similarly situated disabled persons and consider myself a tester. As a tester, I visit hotel online reservations systems to ascertain whether they are in compliance with the Americans With Disabilities Act. In the event that they are not, I request that a law suit be filed to bring the website into compliance with the ADA so that I and other disabled persons can use it. If a law suit is filed to bring the website into compliance, I frequently revisit the website to ascertain whether or not it has been made accessible with the information required by law.

With respect to each law suit I file, I subsequently revisit each website because that is my system.

5. I have plans to travel to Wisconsin as soon as the Covid crisis is over and it is safe to travel. I intend to travel all throughout the State and I need to stay in hotels when I go. Because so many hotel websites fail to allow for booking of accessible rooms and fail to provide sufficient information about whether or not the hotels' features are accessible, it makes it extremely difficult for me to make any meaningful choice because I am deprived of the information I need to compare hotels, assess their accessible features and make my plans.

6. With respect to each hotel for which I filed a lawsuit in Wisconsin, I reviewed its online reservations system multiple times prior to filing each respective lawsuit. I visited the online reservation system for each hotel for the purpose of reviewing and assessing the accessible features at the hotel and ascertain whether the websites contain the information required by 28 C.F.R. Section 36.302(e) and adequately informs me as to whether the hotel meets my accessibility needs. I was in my own home in Pasco County when I visited these websites. However, I was unable to do so because none of the hotels' online reservations systems comply with the requirements set forth in 28 C.F.R. Section 36.302(e). As a result, I was deprived the same services available to the general public. The websites do not identify any accessible rooms, provide for booking of accessible rooms or contain sufficient information as to whether any rooms or features at the hotel are accessible.

3

7. When I encountered the above conditions, I suffered humiliation and frustration at being treated like a second class citizen, being denied equal access and benefits to the goods, facilities, accommodations and services. I am deterred from returning to the websites because I understand that it would be a futile gesture to do so unless I am willing to suffer further discrimination. I am aware that defendant segregates against me and other disabled persons by offering them one service: me a lesser service. I am aware that I am being deprived the equality of opportunity afforded to non-disabled persons to utilize the online reservation system free of discrimination. I am also aware that my ability to travel free of discrimination and with equal access to information offered to the general public is diminished. Failure of the hotel to have a compliant reservations system impedes my ability to make a meaningful choice in planning my trip.

8. Despite the above, I plan to again review the websites in the near future. I have a system whereby I always revisit the websites of every hotel I sued. In this regard, I maintain a list of each hotel I have sued. I constantly go through this list and add to it. With respect to each hotel I sue, I shortly thereafter revisit the hotel's online reservations system. When a suit is filed, I mark my calendar for 30 days afterward, then revisit the hotel's reservations system at that time. Once a case is settled, I mark the date on my list when the defendant has agreed to fix its websites. When that date arrives, I revisit it again and record my visits. Thus, I revisit each hotel's online reservations system at least two times after a lawsuit is filed.

Pursuant to 28 U.S.C. Section 1746, I declare, certify, verify, and state, under penalty of perjury that the foregoing is true and correct.

Date: 9.9.20

_____
DEBORAH LAUFER